# EXHIBIT 1

**22SL-CC04311**

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| STEPHANIE DOPPLICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. |
| | ) | |
| ORTHECO LLC | ) | Division No.: |
| Serve at: | ) | |
| | ) | |
| Romel Bhanti | ) | |
| 4105 Union Road | ) | |
| St. Louis, MO 63129 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROMEL BHANTI | ) | |
| | ) | |
| Serve at: | ) | |
| 4105 Union Road | ) | |
| St. Louis, MO 63129 | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION FOR UNPAID WAGES AND WHISTLEBLOWER PROTECTION**

COMES NOW Plaintiff Stephanie Dopplick (hereinafter, "Plaintiff" or "Dopplick"), by and through undersigned counsel, and for her Petition against Defendant Ortheco, LLC ("Ortheco"), under the Missouri Minimum Wage Law and Fair Labor Standards Act for unpaid wages and unlawful termination and related common law claims, as follows:

**INTRODUCTION**

1.      This matter involves the claims and allegations of a former employee, Dopplick, who protested a company's refusal to honor its owner/manager's agreements to pay her and the retaliation against her for opposing and reporting such pay practices and the manipulation and

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

falsification of records used in billing Mo Health Net related to the provision of proscribed prosthetic devices.

2.      As a result of the alleged unlawful conduct, Dopplick received pay below the agreed upon contract rate, did not timely receive her final wages, and suffered lost wages after her termination and suffered deprivation of her civil rights and emotional distress and turmoil.

## PARTIES AND JURSDICTION

3.      Dopplick is and at all times relevant has been a female resident of Hillsboro, Missouri in her thirties.

4.      Ortheco LLC (hereinafter, "Defendant Ortheco") is a Missouri limited liability company registered with the Missouri Secretary of State, with Registered Agent "United States Corporation Agents, Inc." and registered office 1028 N. Kingshighway St., Cape Girardeau, MO 63701  Ortheco LLC describes its business purpose as "licensed clinicians, certified in prosthetics & orthotics will provide clinical services & devices."

5.      Defendant Romel Bhanti (hereinafter, "Bhanti" or "Defendant Bhanti") is identified as an organizer of Ortheco LLC and held himself out to Dopplick as the owner/operator of Ortheco Prosthetics

6.      Defendant Romel Bhanti and Defendant Ortheco LLC together operate as Ortheco Prosthetics (hereinafter, collectively "Defendants") out of their facility located at 4105 Union Road, St. Louis, Mo 63129 (hereinafter, "Union Location")

7.      Venue is proper in this Court as the place of contracting and the location where the events described here-in giving rise to liability occurred, Defendants' Union Location.


## GENERAL ALLEGATIONS

2

8.      In or around November 2019, Dopplick applied for a job advertised to the general public on Facebook with the title of Amputee Success Manager with Ortheco Prosthetics at its Union Location.

9.      Dopplick interviewed with Defendant Bhanti who acted directly or indirectly in the interest of employer Ortheco LLC, and possessed the ability to hire, fire, direct the activities, set essential job duties, monitor, and set wages for employees of Ortheco Prosthetics at the Union location. Defendants were collectively obligated to maintain contemporaneous and accurate records of Plaintiff's dates of employment as employers under Missouri state and federal employer recordkeeping obligations.

10.     At the time of her hire, Dopplick was informed the pay for the position would be a salary of $40,000 per year paid twice monthly with the opportunity for yet undetermined bonuses and for advancement. Defendants were obligated to maintain contemporaneous and accurate records of her rate of pay at time of hire as employers under Missouri state and federal employer recordkeeping obligations.

11.     Upon information and belief, Dopplick's job duties as an Amputee Success Manager were to include clerical tasks. Defendants were obligated to maintain contemporaneous and accurate records of Plaintiff's job duties and classification as exempt or non-exempt from overtime and minimum wage laws as employers under Missouri state and federal employer recordkeeping obligations. Such job duties did not involve the exercise of independent discretion on matters of significance and upon information and belief, Ortheco classified Dopplick as non-exempt and entitled to the protections of the Missouri Minimum Wage Law, Section 290.500 *et seq.* and Fair Labors Standards Act, 29 U.S.C. § 201 *et seq.*

12.     During the relevant time period, Dopplick successfully discharged her duties to the

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

best of her ability, performing work as directed by Defendants, and her performance was accepted as satisfactory by Ortheco Prosthetics through Defendant Bhanti throughout the term of her employment on a weekly basis.

13.     Dopplick, in initially accepting the position, took a pay cut from her prior effective hourly rate as an employee and notified and informed Defendants. Subsequently, on November 4, 2019, Defendant Bhanti transmitted to Dopplick an e-mail which stated, in pertinent part:

> "Also, as I had mentioned since we do not have an employee incentive program in place yet, I wanted to formally incentivize your hard work in growing our company. I will increase your yearly salary to $55,000 per year if we bill (Allowable) $60,000 three consecutive months. We will negotiate future incentives after we have crossed this threshold"

14.     Relatedly, the November 4, 2019 email identified additional and yet unknown potential job duties above and beyond the written job description related to growing the business and this formal incentive. Bhanti intended Dopplick to understand and Dopplick so understood these additional unknown and unwritten duties to be related to the promise of the formal incentive.

15.     Upon receipt of the e-mail, Dopplick understood and acted in reliance upon the promise, and devoted efforts above and beyond her assigned job duties, to ensure she was retained and committed to Defendants' business without seeking alternative more lucrative employment at her higher prior contract rate, to "work hard" to "grow the company" and secure the promised annual salary increase. Such efforts were during her pregnancy and came at added physical emotional strain and financial incentive to provide for her future child.

16.     In subsequent months, both parties became aware of the COVID-19 pandemic which had minimal impact on Defendants' business operations as an essential business providing healthcare services and increased the strain and difficulty on Plaintiff's efforts to fulfil Defendants' unilateral promise.

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

17.     At no point between Dopplick's acceptance of Defendants' offer and January 2021, did either party seek modification or repudiation of the agreement and Plaintiff continued to substantially perform under the agreement.

18.     In November 2020, December 2020, and January 2021, Defendants billed more than $60,000 each month by and through the continued incentivized efforts of Plaintiff, satisfying the conditions of Defendants' non-discretionary formal performance incentive plan.

19.     In January 2021, Dopplick met with Defendant Bhanti after it became clear that the triggering contract threshold would be reached to ensure Defendants intended to honor the contractual agreement and/or promises upon which she had relied in devoting substantial efforts above and beyond her basic job duties and maintaining her employment through the COVID-19 pandemic as an essential worker.

20.     Defendant Bhanti, acting on behalf of Defendants, accepted her performance and indicated that Ortheco would honor its promise but needed additional time to retroactively increase her pay as promised.

21.     From the end of February 2021 to June 2021, Dopplick took maternity leave. Upon her return, Dopplick again inquired about the status of her promised pay increase and unpaid wages under such increase and sought assurances she was to return at the same wage rate at which she departed, $55,000 per year. Defendants so assured her.

22.     In August 2021, Dopplick again inquired about her promised pay raise when Defendant Bhanti informed her he was looking to hire additional staff; Bhanti responded Defendants' funds needed to be reinvested elsewhere in the business and instead used such funds to hire a personal assistant while assuring Dopplick that Defendants intended to honor the agreement.

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

23.    Throughout her employment, Dopplick routinely encountered Ortheco Prosthetics policy of "trial deliveries." For trial deliveries, Ortheco Prosthetics would provide a prosthetic to a customer prior to the delivery or date of treatment identified in the medical records or prescriptions for the purpose of billing Missouri Healthnet and insurance companies.

24.    On September 3, 2021, Dopplick became aware of Medicare/Medicaid and MO HealthNet Billing Guidelines which she reasonably believed indicated Defendant's "trial deliveries" policies, practices, and procedures were the falsification of medical records used in the billing of Missouri HealthNet, manipulating and falsifying the delivery date of medical devices for claims submitted through MO HealthNet for Medicare/Medicaid eligible customers of Ortheco LLC.

25.    On or around September 10, 2021, Dopplick was off duty but contacted a coworker to relay her concern and belief that Ortheco should discontinue, suspend, and/or re-evaluate its "trial delivery" practices. Despite Dopplick's concerns, Ortheco LLC made a "trial delivery" on or about September 10, 2021 which was billed to MO HealthNet thereafter by Defendants.

26.    On September 17, 2021, Dopplick contacted the Missouri Attorney General's Office to report her concerns that Defendants' "trial delivery" policy, practices, and procedures were in violation of Missouri HealthNet billing documentation requirements, by creating false records on the date of delivery and service for the purposes of medical billing to obtain reimbursement not otherwise entitled to. On September 20, 2021 Dopplick contacted the Office of Inspector General for Medicare to similarly report her concerns. Dopplick similarly reported the conduct to the Illinois Attorney General and orthotics licensing officials.

27.    On September 21, 2021 Dopplick met with Defendant Bhanti to inquire about the recent trial deliveries and her concerns about the legality of the practice. In response, Defendant

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

Bhanti became visibly upset and raised his voice at Dopplick's opposition to what she objectively and subjectively believed were prohibited practices by Section 191.905, RSMo and 13 CSR 70-3.030.

28.     On September 22, 2021 Dopplick met with Defendant Bhanti and a co-worker to discuss her backpay and wage rate. During the conversation, Dopplick requested and received assurances of the intent to honor its agreement to provide pay at the agreed contract rate of $55,000 annual salary and backpay. In response, Defendants, by and through Bhanti, told Dopplick she should look for a new job for raising issues related to her wages and hours, specifically Defendants' obligation to maintain accurate records and timely pay her the earned wages for all hours worked.

29.     On September 30, 2021, Dopplick inquired about the status of her back pay at the contract wage rate. Bhanti replied that her back wages at the agreed upon wage rate would be paid on her final paycheck. Dopplick immediately corrected Bhanti that she was not intending to quit her employment relationship. Bhanti expressly stated that due to Dopplick's positions, concerns, and opinions regarding Defendants' "trial delivery" policies, practices, and procedures as potential false claims or retained overpayments on the basis of inaccurate, falsified or inadequate documentation submitted to MO HealthNet, Dopplick "should be looking for another job" because Bhanti did not see Dopplick as "someone he can build his company with."

30.     Dopplick understood Bhanti, speaking on behalf of Defnedants, to imply her employment was conditioned on abandoning her insistence on compliance with wage and hour law and their contract setting her wage rate at $55,000 per year and MO HealthNet laws and regulations prohibiting the submission or retention of claims on the basis of false or otherwise inadequate documentation.

31.     On October 6, 2021, a patient came in for final delivery of a prosthetic. During the

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

processing of the transaction, Defendant Bhanti inquired whether Dopplick really believed Defendants' "trial delivery" practices were fraudulent and challenged Dopplick to report him if so.

32.     After Dopplick confirmed that not only did she believe the "trial delivery" practice was unlawful and prohibited false claims and accordingly unlawfully knowingly retained overpayments under MO HealthNet billing laws and regulations but also that she had indeed already reported the conduct to the Missouri Attorney General, Defendants terminated Dopplick's employment effective immediately stating, "You need to leave. You need to go home now."

33.     Defendants' termination of Dopplick was reasonably inferable to be in retaliation for opposing and refusing to participate in the submission and retention of false claims to MO HealthNet and for continued and perceived violations of wage and hour law, given express statements tying the termination of the employment relationship to her conversations regarding MO HealthNet billing. adequate documentation practices, and retained overpayment, her request for her back wages at the contract rate, and close temporal proximity between the decision to terminate Dopplick and her affirmative statement she believed the "trial delivery" practice and retained overpayments and failure to pay back wages was unlawful and had been reported to the Missouri Attorney-General for investigation.

34.     On October 15, 2021, the final regular pay period on which Dopplick anticipated receipt of her back wages at the $55,000 annual rate as her final owed wages based upon the express assurances of Defendants by and through Bhanti, Dopplick's final regular pay period paycheck did not include the promised back wages at the contract rate.

35.     On October 26, 2021, Dopplick formally requested her final wages in writing via SMS text message. The next day, Ortheco, through Defendant Bhanti, replied:

> Good Morning Stephanie. You know I did not have the money to pay you in January. I had to take 40k from Dr. Kukkar to pay Ossur. I still gave you bonus

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

because you were having a baby and because you worked on getting us paid for the hand. I did the best I could under the circumstances. I know you care about my company. I don't want to fight this and I don't want any bad feelings. There's a new girl starting today. I want you to spend five days with her showing her all that is needed. I can give you $3000 in severance at the end of it and 100 dollars for each day of work totaling 3500. That will help me get her going with a head start and we can part ways amicably.

36.      Dopplick immediately rejected Defendant Bhanti's request to modify her agreement with Ortheco LLC and Bhanti, his efforts to recharacterize the backpay owed as a discretionary bonus or severance rather than earned wages, the attempt to recharacterize the unilateral contract as non-binding after substantial performance had been commenced, tendered, and accepted, and refused the offer of temporary reemployment conditioned on waiver of her claims for backpay.

37.      On or about November 3, 2021, Dopplick transmitted a second written request for her final payment of wages and requesting a service letter expressly referencing Section 290.140, RSMo.

38.      This correspondence was transmitted via certified mail return receipt requested to: (1) Romel Bhanti as manager of Defendant's Union Location address and to (2) United States Corporation Agents, Inc. at1213 N. Kingshighway St, Suite 102, Cape Girardeau, MO 63703 as Defendant's registered agent.

39.      On November 22, 2021, Dopplick received a box containing a variety of personal items which remained in Ortheco's possession after her termination including a personal note from Defendant Bhanti. More than forty-five days have elapsed without any response from Defendants to her request for service letter.

40.      On or about December 29, 2021, Dopplick correspondence transmitted to the registered office of Defendant's registered agent US Corporation Agents, Inc. was returned as

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

undeliverable.

41.     Upon information and belief, Ortheco deliberately failed to provide a service letter to Dopplick knowing one had been requested, in part, due to the fact that Defendants would be required to acknowledge in writing her termination was over unpaid lawfully owed wages and her opposition and refusal to participate in the submission of claims to Missouri HealthNet on the basis of false statements and the failure to reimburse MO HealthNet for overpayments.

**COUNT I**
**UNPAID WAGES UNDER THE MISSOURI MINIMUM WAGE LAW**

42.      Plaintiff incorporates all preceding paragraphs by reference as if fully stated here-in.

43.     Defendant Orttheco is an employer as defined under Section 290.500(4), RSMo.

44.     Plaintiff is an employee as defined under Section 290.500(3), RSMo, in that she was employed by Defendant Ortheco in a clerical role.

45.     Defendant Bhanti is an employer as defined under Section 290.500, RSMo, acting directly or indirectly in the interests of employer Defendant Ortheco.

46.     Under Section 290.520, RSMo, Defendants were obligated to maintain accurate and contemporaneous records of the rate of pay of their employees and the amount of pay each pay period to each employee.

47.     Effective February 1, 2021, the contract rate for Dopplick's employment was to be an annual salary of $55,000.

48.     Under Section 290.080, RSMo such salary was required to be paid on a monthly basis, within sixteen days of the close of each payroll period, as $4,583.33 per month; $1,057.69 weekly; or $2115.38 on a biweekly pay period.

49.     From February 1, 2021 through her termination and thereafter, Dopplick's paystubs

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

did not reflect payment of her wages at the agreed upon contract rate of an annual salary of $55,000.

50.     Plaintiff was scheduled to work 8:30 am through 5:00 pm Monday through Friday, a total of 42.5 hours each week. Plaintiff never received overtime premium pay for her work in excess of forty hours per week.

51.     The continuous workday doctrine requires that all time between the first principal activity and the last principal activity of the workday be considered hours worked for the purpose of minimum wage and overtime laws.

52.     Despite Defendant's schedule authorizing a lunch break, Plaintiff routinely worked and Defendant had knowledge Plaintiff routinely worked through her lunch break. Upon information and belief, Defendant failed to maintain accurate records of Plaintiff being completely relieved of duty during her lunch break.

53.     Plaintiff was expected to answer every phone call to the office during business hours and accordingly was engaged to wait during her lunch break, engaged in work as defined by Missouri's overtime and minimum wage laws and applicable regulations.

54.     Plaintiff reasonably and cautiously estimates she received a lunch break fully relieved from duty no more than once a week or 20% of the time.

55.      Section 290.527, RSMo authorizes private action by an employee to collect unpaid wages from employers at wage rates to which the employee is entitled under or by virtue of Sections 290.500 to 290.530.

56.     Under Section 290.527 provides that any employer who pays any employee less wages than the wages to which the employee is entitled under or by virtue of Sections 290.500 to 290.530, RSMo shall be liable to the employee the full amount of the wage rate and an additional

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

amount equal to twice the unpaid wages as liquidated damages, less any amount actually paid to the employee, and for costs and reasonable attorney fees.

57.    Dopplick's claims are timely as this action has been commenced within three years of her first day of employment with Defendant Ortheco.

WHEREFORE on Count I of this Petition, Plaintiff demands judgment against Defendant and prays for (1) an Order finding Defendants paid less wages than the wages to which Plaintiff was entitled under or by virtue of Sections 290.500 to 290.530 RSMo; (2) a finding the wage rate for such underpayment of wages was to be the contract rate required to be accurately maintained under Section 290.520, RSMo and without retaliation as prohibited by Section 290.525, RSMo; (3) compensatory damages in the amount for unpaid work time and wages at the applicable identified wage rate; (4) liquidated damages in an amount equal to twice the identified unpaid wages less any amount actually paid; (5) attorney's fees, litigation and court costs, pre-judgment and post-judgment interests; and (6) such other relief as the Court deems fair and equitable.

## COUNT II – BREACH OF CONTRACT

58.    Plaintiff incorporates all preceding paragraphs by reference as if fully stated here-in.

59.    At-will employment provides a legally enforceable promise, express or implied, to pay the employee for all hours of work performed by the employee at the contract rate. *Morrow v. Hallmark,* 273 S.W.3d 15, 28 (Mo. App. W.D. 2008).

60.    Defendant contracted with Plaintiff, express or implied, under which Plaintiff agreed to perform services as part of her employment and above and beyond the terms of employment with Defendant for a non-discretionary salary increase, in that Dopplick and Ortheco agreed that if Dopplick worked hard and contributed to the increase of Ortheco's billables beyond

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

$60,000 sustained over three consecutive months, her contract salary would increase to $55,000 annually.

61.     Such duties were above and beyond her normal job duties and such promises were intended to retain Dopplick and dissuade her from seeking more lucrative alternative employment.

62.     Such promises were expressly intended to be binding and enforceable as a "formal incentive" and constitute a non-discretionary performance incentive based on specifically identified conditions.

63.     Defendant Ortheco is an employer as defined under Section 290.500, RSMo. As records pertaining to the terms and conditions of employment, records of the rate of pay (as expressly contemplated to be a different sum or record from the amount paid each pay period), this agreement and rate should have been maintained under Section 290.520, RSMo.

64.     The condition of the agreement was satisfied after three consecutive months of billables in excess of $60,000 in the months of November 2020, December 2020, and January 2021.

65.     On or about February 1, 2021, Defendants by and through Defendant Bhanti accepted Dopplick's performance as satisfying the terms of the agreement.

66.     From February 1, 2021 to her termination, Defendants repeatedly failed to pay Dopplick at the agreed upon rate. Each time, Dopplick sought assurances that Defendants intended to abide by the agreement and Defendants, by and through Bhanti affirmed that he had so agreed and intended to cure his deficient performance, including assurances in September and October 2021 that the agreement was binding and enforceable, such sums were considered back wages owed, and would be paid on a final paycheck.

67.     Under Section 290.100, RSMo, an employer desiring to reduce wages of employees

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

is required to provide thirty days notice in writing of such reduction. Defendant Bhanti never gave written notice of any deduction of the contracted wage rate but instead repeatedly affirmed the agreed upon rate and considered all unpaid wages as owed backwages at the contract rate of $55,000 per year.

68.    In failing to pay Dopplick her lawfully agreed upon wages and terminating her employment, Defendants have breached their contract by its course of conduct explained above. Defendant's breach was willful and not the result of mistake or inadvertence.

69.    Under Section 527.010, the Circuit Courts of this state have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.

70.    Plaintiff is a person interested under written contract or other writing constituting a contract and/or whose rights are affected by statute or contract, entitled to have determined the construction or validity of such rights under the legal relationship related to the promised commissions.

71.    Defendants' breach of contract was in bad faith, malicious, wanton, and spiteful.

WHEREFORE on Count II of this Petition, Plaintiff demands judgment against Defendant and prays for (1) a declaratory judgment of her rights and legal relationship to Defendant relative to the documents evidencing a contractual relationship between Defendant and Plaintiff for a salary increase; (2) an Order finding Defendants in breach of contract; (3) compensatory damages in the amount of back wages owed for straight time pay at the contract rate; (4) pre-judgment and post-judgment interests; and (5) such other relief as the Court deems fair and equitable.


## COUNT III – QUASICONTRACT

72.    Plaintiff incorporates all preceding paragraphs by reference as if fully stated here-

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

in.

73.     Defendant Ortheco, by and through Defendant Bhanti acting with actual and apparent authority, represented that if Dopplick worked hard and contributed to the growth of Defendants' business, specifically, if the company sustained billing of over $60,000 in three consecutive months, her annual salary rate would be set at $55,000.

74.     Ortheco expressly intended that Dopplick act in reliance on the promise, describing it as a formal employee non-discretionary performance incentive, intended to dissuade Dopplick from seeking alternative more lucrative at-will employment.

75.     Dopplick acted in reliance upon Defendants promise to provide the non-discretionary performance incentive and immediately commenced devoting her best efforts over and above her basic assigned job duties, abandoning the search for alternative at-will employment, and contributing to developing three consecutive months of sustained billing over $60,000.

76.     Ortheco did not reserve the right to modify or terminate the formal employee non-discretionary performance incentive program.

77.     Dopplick substantially completed performance prior to any communication by Defendants seeking to disclaim, withdraw, modify, repudiate or otherwise avoid the binding nature of the agreement.

78.     Under Missouri law, the employment relationship is a unilateral contract.

79.     Defendants non-discretionary performance incentive program was intended to attract and retain Dopplick.

80.     Dopplick was justified in her reliance on the non-illusory promises of Defendants.

81.     Dopplick accepted the assurances of Defendants of future performance.

82.     Dopplick never waived or agreed to modify the agreement and expressly rejected

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

attempts to modify the agreement.

WHEREFORE on Count III of this Petition, Plaintiff demands judgment against Defendant and prays for: (1) the reasonable value of her services rendered, accepted, demanded, and unpaid or the value of unlawfully retained benefit of Plaintiff's additional efforts equal to Defendant's identified difference in salary or the difference between the wages actually to Plaintiff and the sum promised to Plaintiff for her additional efforts; (2) prejudgment and post judgment interest at the applicable legal rate; and (3) such other relief as the Court deems fair and equitable.

### COUNT IV – MALICIOUS FAILURE TO PROVIDE SERVICE LETTER UPON REQUEST

83.     Plaintiff incorporates all preceding paragraphs by reference as if fully stated here-in

84.     Section 290.140, RSMo entitles Missouri employers discharged or voluntarily quitting the service of a corporation employing seven or more employees for a period of at least ninety days to request a letter setting forth the nature and character of service rendered by such employee to such corporation, the duration thereof, and the cause, if any, such employee was discharged or voluntarily quit such service (hereinafter, "service letter").

85.     The self-evident purpose of Section 290.140 RSMo is to remedy the evil of blacklisting of employees under the Missouri custom of enabling corporations of the state to ascertain the degree of intelligence as well as the honesty, capacity, and efficiency of potential employees and for whose conduct such corporations would be responsible to the public and their fellow employees. *See Prudential Ins. Co. v. Cheek*, 259 U.S. 530, 536 (1922)

86.     Upon information and belief, Defendants employed seven or more employees for a period of at least ninety days.

87.     Plaintiff requested a service letter in writing by certified mail addressed Defendant

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

Bhanti as a superintendent or manager of Defendant Ortheco specifically referencing Section 290.140, RSMo. .

88.     The return receipt identifies was received as addressed to Defendants via Romel Bhanti on November 6, 2021.

89.     Plaintiff has never received response and more than forty-five days have elapsed since Defendants received the request for a service letter.

90.     As a direct and proximate result of Defendants failure to provide a service letter, Plaintiff was prejudiced in her ability to secure substantial equivalent employment after Defendants' termination or substantiate her claims of retaliation for asserting her rights under wage and hour law and reporting good faith and objectively reasonable belief of Defendants' submission of false claims to and unlawfully retained overpayments by Mo HealthNet on the basis of false statements and inadequate documentation under its "trial delivery" practice.

91.     Upon information and belief, Defendants refusal to provide a service letter as requested was malicious, knowing, and in flagrant violation of her rights, as Defendants had actual notice of their legal requirements to provide such a letter, having received such notice with direct reference to Section 290.140, RSMo within the letter, and held a grudge and retaliated against Plaintiff for holding Defendants to their agreement to pay back wages at the contract rate and reporting potential violations of the Missouri HealthNet to the Missouri Attorney General.

WHEREFORE on Count IV of this Petition, Plaintiff demand judgment against Defendants and prays for: (1) nominal damages; (2) punitive damages as required by statute; and (3) such other relief as the Court deems fair and equitable.

## COUNT V – FAILURE TO TIMELY REMIT EARNED WAGES AT TERMINATION

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

92.     Plaintiff incorporates all preceding paragraphs by reference as if fully stated herein.

93.     Section 290.110 RSMo provides for the payment of final wages at the contract rate, without abatement or deduction, on the date of discharge upon written request of an employee.

94.     Defendants are a person, firm or corporation doing business in this state as defined by § 290.110 RSMo.

95.     Plaintiff performed work for Defendant as an employee from her hire until April 23, 2021 which went wholly uncompensated at the minimum wage rate set by statute or the agreed rate of pay, without deduction. Thereafter, Defendants discharged or constructively discharged Plaintiff's employment.

96.     At the time of such termination or discharge of Plaintiff's employment, Defendant has not paid her the lawful compensation owed for each work week pay period subsequent to and including February 1, 2019 contract or statutory minimum wage.

97.     On or about April 26, 2021 and again on June 15, 2021, Plaintiff requested in writing the money due her from her foreman or keeper of her time, Bhanti, at Defendants' principal place of business.

98.     For the purposes of Section 290.100, RSMo, Section 290.010 RSMO defines a day's labor as eight hours. *See Doores v. Intercontinental Engineering-Manufacturing Corp.,* 670 S.W.2d 65, 68 (Mo. App. W.D. 1984) (holding that assessment of the calculated penalty for unpaid wages for each day unpaid is non-discretionary when <u>any</u> amount of wages remain unpaid).

99.     No audit was necessary or customary in order to determine the net amount due, under § 290.110 RSMo, in that Plaintiff was an hourly, non-exempt employee, and did not work in sales or for commissions.

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

100.    More than sixty-seven (60 + 7) days have elapsed from Plaintiff's written request(s) for such unpaid wages without such money or valid check for such unpaid wages being held at Defendants' place of business for Plaintiff.

WHEREFORE on Count V of this Petition, Plaintiff demand judgment against Defendants and prays for: (1) an Order identifying the sum of unpaid wages which have not been held by Defendants at their place of business within seven (7) days of Plaintiff's written request for such unpaid wages; (2) an Order finding sixty (60) days have elapsed since Plaintiff requested his final wages in writing of Defendants; (3) an Order requiring Defendants pay Plaintiff as penalty for such unpaid wages in the sum of sixty (60) days of wages, eight (8) hours per day, totaling four hundred eighty (480) hours, at the then-applicable wage rate of $55,000 per year equivalent to $26.44 per hour for such work; and (4) such other relief as the Court deems fair and equitable.

## COUNT VI
## WRONGFUL TERMINATION IN VIOLATION OF WHISTLEBLOWER PROTECTION ACT

101.    Plaintiff incorporates all preceding paragraphs by reference as if fully stated herein.

102.    Defendant Ortheco LLC is an employer under Section 285.575.2(2), RSMo in that it had six or more employees for each working day in each of twenty or more calendar weeks during the relevant time period.

103.    Plaintiff Dopplick specifically provided and identified to Defendants relevant excerpts from Pub 100-08 "Medicare Program Integrity," specifically 4.26.1 – Proof of Delivery and Delivery Methods, effective May 7, 2018, stating "As a general Medicare rule, the date of service shall be the date of delivery. Exceptions or made for suppliers who use a delivery/shipping service."

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

104.     Dopplick expressly noted to Defendants that Ortheco did not ship its prosthetics and Defendants manipulated the date of service for the purpose of obtaining reimbursement outside of the customer's eligibility to receive such reimbursement, and that she reasonably subjectively and objectively believed such practices were the submission of false claims.

105.     Dopplick engaged in protected activity in reporting her concerns and opposition to Defendant's managers and supervisors, the Missouri Attorney General's MoHealthNet Fraud and Abuse hotline, the Office of Inspector General for U.S. Department of Health and Human Services, the American Board for Certification of Orthotics, Prosthetics, and Pedorthics, and the Illinois Attorney General.

106.     Dopplick did not plan or initiate in the conduct which she reported, and subsequent to her identification of the potential unlawfully retained overpayments, actively opposed, protested, and refused to participate in any further similar submission of claims.

107.     Dopplick is a protected person as defined by Section 285.575.2(3), RSMo, in that she refused to carry out directives issued by Defendant Bhanti which if completed would be a violation of laws and regulations lawfully enacted to regulate the conduct of Defendant Ortheco related to the documentation of date of service related to eligibility of the provision of prosthetics to be billed for or reimbursed through MO HealthNet without required accurate and contemporaneously maintained documentation or with intentionally falsified documentation, and the unlawful retainment of overpayments.

108.     Dopplick is a protected person as defined by Section 285.575.2(3), RSMo, in that she reported to the proper authorities the unlawful acts identified here-in of Defendant Bhanti and Defendant Ortheco.

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

109.    Dopplick is a protected person as defined by Section 285.575.2(3), RSMo, in that she reported to Defendant Ortheco and Defendant Bhanti serious misconduct violating clear mandates of public policy related to the documentation and provision of orthotics billed through MO HealthNet without required accurate and contemporaneously maintained documentation or with intentionally falsified documentation, and the intentional retainment of overpayments.

110.    Defendants were motivated by the above identified protected activities of Dopplick in terminating her employment, in that such conduct actually played a role in the adverse employment actions and had a determinative influence on such actions.

111.    As a direct and proximate result of Defendant's conduct identified here-in, Dopplick has suffered lost wages and is owed back pay.

112.    As a result of the conduct identified here-in, Dopplick has accrued costs and attorney's fees reimbursable under Section 285.575.8, RSMo.

WHEREFORE on Count VI of this Petition, Plaintiff demands judgment against Defendant after trial by jury after a finding she has been subjected to an unlawful discriminatory practice prohibited by § 285.575.1, RSMo,, and prays for: (1) declaration her legal and civil rights under Section 285.575.1, RSMo were violated; (2) actual, compensatory, nominal, and/or punitive damages in such an amount as is deemed fair and reasonable; (3) prejudgment and post-judgment interest, as allowed by law; (4) reasonable attorneys' fees and costs of suit;  (5) other appropriate equitable relief; and (6) for such other relief as this Court deems just, proper, and as justice requires

## COUNT VII
## WRONGFUL TERMINATION IN VIOLATION OF HEALTH CARE FRAUD WHISTLEBLOWER PROTECTION ACT

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

113.    Plaintiff incorporates all preceding paragraphs by reference as if fully stated herein.

114.    Section 191.908.1 prohibits an employer from discharging, demoting, suspending, threatening, harassing, or otherwise discriminating against an employee in the terms and conditions of employment because the employee initiates, assists in, or participates in a proceeding or court action under Section 191.900 to 191.910, RSMo

115.    Defendant Ortheco is an employer subject to the anti-retaliation provisions of Section 191.908.1, RSMo.

116.    Plaintiff Dopplick was an employee entitled to the protections of Section 191.908.1, RSMo.

117.    Plaintiff Dopplick specifically provided and identified to Defendants relevant excerpts from Pub 100-08 "Medicare Program Integrity," specifically 4.26.1 – Proof of Delivery and Delivery Methods, effective May 7, 2018, stating "As a general Medicare rule, the date of service shall be the date of delivery. Exceptions or made for suppliers who use a delivery/shipping service."

118.    Dopplick expressly noted to Defendants that Ortheco did not ship its prosthetics and Defendants manipulated the date of service for the purpose of obtaining reimbursement outside of the customer's eligibility to receive such reimbursement, and that she reasonably subjectively and objectively believed such practices were the submission of false claims.

119.    Dopplick did not plan or initiate in the conduct which she reported, and subsequent to her identification of the potential unlawfully retained overpayments, actively opposed, protested, and refused to participate in any further similar submission of claims.

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

120.    Plaintiff Dopplick engaged in protected activity under Section 191.908.1, RSMo in that she initiated, assisted in, or participated in proceedings under Sections 191.900 to 191.910, RSMo as detailed above; specifically reporting and commencing administrative actions (*i.e.*, investigations into a complaint) which Dopplick reported to the Missouri Attorney General's MoHealthNet Fraud and Abuse hotline, the Office of Inspector General for U.S. Department of Health and Human Services, the American Board for Certification of Orthotics, Prosthetics, and Pedorthics, and the Illinois Attorney General.

121.    The issues, concerns, and claims identified by Dopplick and reported to appropriate authorities as the submission or retention of potentially fraudulent or false claims for payment were neither frivolous nor clearly vexatious.

122.    Dopplick was the original source of such information reported to the Missouri Attorney General and cannot be convicted of criminal conduct arising from a violation of Sections 191.900 to 191.910, RSMo. under Section 191.905.15, RSMo.

WHEREFORE on Count VII of this Petition, Plaintiff demands judgment against Defendant after trial by jury after a finding she has been subjected to an unlawful discriminatory practice prohibited by § 191.908.1 RSMo,, and prays for: (1) declaration her legal and civil rights under Section 191.908.1, RSMo were violated; (2) actual, compensatory, nominal, and/or punitive damages in such an amount as is deemed fair and reasonable; (3) prejudgment and post-judgment interest, as allowed by law; (4) reasonable attorneys' fees and costs of suit; (5) front-pay in lieu of reinstatement;  (6) other appropriate equitable relief; and (7) for such other relief as this Court deems just, proper, and as justice requires.

## COUNT VIII
## UNPAID WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

Electronically Filed - St Louis County - October 04, 2022 - 09.44 PM

123.    Plaintiff incorporates all preceding paragraphs by reference as if fully stated herein.

124.    Defendant Bhanti and Defendant Ortheco LLC failed to pay Dopplick overtime wages to which she was entitled under the FLSA.

125.    At all times relevant, Dopplick was engaged in commerce and/or production or sale of goods for commerce within the meaning of 29 U.S.C. §§203(e), (m), and 206(a).

126.    At all times relevant, Dopplick was an employee within the meaning of 29 U.S.C. §§203(e), (m), and 206(a).

127.    At all times relevant, Defendant Ortheco LLC has been an employer engaged in commerce and the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a)

128.    At all times relevant, Defendant Bhanti has acted been acting directly or indirectly in the interest of Defendant Ortheco LLC in relation to Dopplick as an employer engaged in commerce and the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a)

129.    The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq., and the supporting interpretative federal regulations, apply to Defendant Ortheco LLC and Defendant Bhanti and protect Dopplick.

130.    Effective February 1, 2021, the contract rate for Dopplick's employment was to be an annual salary of $55,000.

131.    Under Section 290.080, RSMo such salary was required to be paid on a monthly basis, within sixteen days of the close of each payroll period, as $4,583.33 per month; $1,057.69 weekly; or $2115.38 on a biweekly pay period.

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

132.     From February 1, 2021 through her termination and thereafter, Dopplick's paystubs did not reflect payment of her wages at the agreed upon contract rate of an annual salary of $55,000.

133.     Plaintiff was scheduled to work 8:30 am through 5:00 pm Monday through Friday, a total of 42.5 hours each week. Plaintiff never received overtime premium pay for her work in excess of forty hours per week.

134.     The continuous workday doctrine requires that all time between the first principal activity and the last principal activity of the workday be considered hours worked for the purpose of minimum wage and overtime laws.

135.     Despite Defendant's schedule authorizing a lunch break, Plaintiff routinely worked and Defendant had knowledge Plaintiff routinely worked through her lunch break. Upon information and belief, Defendant failed to maintain accurate records of any days in which Plaintiff had been completely relieved of duty during her lunch break, took no steps to ensure Plaintiff was completely relieved from duty, was aware Plaintiff continued to perform during her lunch break, and received the benefit of such work so performed and undocumented and unpaid.

136.     Plaintiff was expected to answer every phone call to the office during business hours and accordingly was engaged to wait during her lunch break, engaged in work as defined by the FLSA overtime and minimum wage laws and applicable regulations.

137.     Plaintiff reasonably and cautiously estimates she received a lunch break fully relieved from duty no more than once a week or 20% of the time.

138.     Defendant Bhanti and Defendant Ortheco were required to pay Dopplick overtime premium pay at a rate of one and one-half times her contracted regular rate of pay for each hour worked in excess of 40 hours in a work week.

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

139.     Under 29 U.S.C. § 216(b), Defendants as employers violating the provisions of Section 207 of the FLSA are liable to Dopplick in the amount of their unpaid overtime compensation and an additional equal amount as liquidated damages.

140.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

141.     29 U.S.C. § 216(b) authorizes a private right of action in any Federal or State court of competent jurisdiction to redress violations of Section 207's overtime provisions.

142.     Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Dopplick.

143.     Because Defendant Bhanit and Defendant Ortheco LLC's violations of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

WHEREFORE on Count VII of this Petition, Plaintiff demands judgment against Defendants and prays for (1) an Order finding Defendants paid less wages than the wages to which Plaintiff was entitled under or by virtue of 29 U.S.C. § 207(a)(1); (2) a finding the wage rate for such underpayment of wages was to be the contract rate required to be accurately maintained under 29 U.S.C. § 211; (3) compensatory damages in the amount of unpaid wages at the applicable identified wage rate; (4) liquidated damages in an amount equal to the untimely unpaid wages; (5) attorney's fees, litigation and court costs, pre-judgment and post-judgment interests; and (6) such other relief as the Court deems fair and equitable.

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

## COUNT IX
## RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

144.    Plaintiff incorporates all preceding paragraphs by reference as if fully stated herein.

145.    Under 29 U.S.C. § 215(a)(3), it is a violation of the FLSA for **any person** to discharge or in any other manner discriminate against **any employee** because such employee has filed **any complaint** or instituted or caused to be instituted **any proceeding** under or related to this chapter, or has testified or is about to testify in any such proceeding.

146.    Because Section 15(a)(3) prohibits "any person" from retaliating against "any employee," the protections apply to Dopplick as an employee and apply to persons Defendant Bhanti and Defendant Ortheco LLC regardless of whether Dopplick's work was covered by the FLSA or whether Defendant Bhanti and Defendant Ortheco were covered employers under the FLSA.

147.    Under the expansive definitions and remedial scope of the Act intended to protect even illiterate, less educated, unsophisticated employees, the protections of Section 215(A)(3) are extended to all employees complaining of potential wage and hour violations regardless of whether the complaint is made orally or in writing, to the U.S. Department of Labor Wage and Hour Division or equivalent state agencies such as the Missouri Department of Labor and Industrial Relations, or internally to an employer.

148.    Dopplick engaged in protected activity under Section 215(A)(3) when asserting her rights to her unpaid earned wages, the failure to maintain accurate records of her time and pay under the recordkeeping provisions of the Act, and failure to timely pay all wages earned for all hours worked including unpaid overtime premiums.

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

149.    As a direct and proximate result of Dopplick's protestations of Defendants pay policies and practices withholding earned wages, failing to pay her all wages owed for all hours worked at a regular rate equal to her contracted rate of pay as unfair and unlawful, Defendant Bhanti and Defendant Ortheco expressly identified her request for untimely paid and unpaid wages at the agreed upon wage rate in threatening Dopplick's continued employment before terminating her employment and interfering in her subsequent efforts to mitigate her damages and seek subsequent employment by failing or refusing to respond to her or her prospective employers requests to verify her employment history, effectively blacklisting her and interfering with her ability to obtain subsequent gainful employment during inquiries into her prior employment history by prospective employers.

150.    As a direct and proximate result of the retaliatory termination, Dopplick experienced a period of unemployment and has since been underemployed with the derailment of her career path and opportunities for advancement, earning less wages than she would have earned if not for the unlawful retaliatory and discriminatory actions of Defendants.

151.    29 U.S.C. § 216(b) authorizes private right of action for such legal or equitable relief as appropriate to effectuate the purposes of Section 215(a)(3), including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount of liquidated damages.

152.    As a direct and proximate result of the unlawful discriminatory and retaliatory conduct in violation of the FLSA, Plaintiff Dopplick has suffered and continues to suffer mental anguish and emotional distress, including depression, humiliation, embarrassment, stresss and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

153.    As a direct and proximate result of Defendants' refusal to adhere to their legal obligations under wage and hour law, Plaintiff has incurred

154.    Defendants' actions were intentional, willful, knowing, wanton, and malicious, and in flagrant disregard for the rights of Plaintiff under state and federal wage and hour law.

WHEREFORE on Count IX of this Petition, Plaintiff demands judgment against Defendants and prays for (1) an Order finding Defendants retaliated and/or discriminated in the terms and conditions of employment against Dopplick under 29 U.S.C. § 215(a)(3) in threatening and discharging her employment and interfering with her ability to obtain subsequent employment; (2) a finding the wage rate for such lost wages was to be the contract rate required to be accurately maintained under 29 U.S.C. § 211; (3) an award of actual damages in an amount to be proved at trial, including but not limited to back pay, front pay in lieu of an order of reinstatement, and emotional distress damages; (4) liquidated damages in an amount equal to the lost and diminished wages;  (5) attorney's fees, litigation and court costs, pre-judgment and post-judgment interest; and (6) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury, in the Circuit Court of St. Louis County, Missouri, on all issues in this case which are so triable.

Respectfully Submitted,

/s/ *Jason M. Finkes*
Jason M. Finkes, #65903MO

29

Electronically Filed - St Louis County - October 04, 2022 - 09:44 PM

LAW OFFICES OF JASON M. FINKES, LLC
8112 Maryland Avenue, Suite 400
Clayton, MO 63105
Telephone: (314) 312-3437
Email: Jason@FinkesLegal.com

*Attorney for Plaintiff Dopplick*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>WILLIAM M. CORRIGAN JR. | Case Number:  22SL-CC04311 |
| Plaintiff/Petitioner:<br>STEPHANIE DOPPLICK<br><br><br><br>                                                          vs. | Plaintiff's/Petitioner's Attorney/Address<br>JASON MICHAEL FINKES<br>8112 MARYLAND AVE<br>SUITE 400-4<br>CLAYTON, MO  63105 |
| Defendant/Respondent:<br> ORTHECO LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | |

**SHERIFF FEE
PAID**

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:  ROMEL BHANTI**
                              Alias:

**4105 UNION ROAD
ST LOUIS, MO  63129**

**COURT SEAL OF**



**ST. LOUIS COUNTY**

          You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
          **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>05-OCT-2022</u>
**Date**

_____
                                                    Clerk

**Further Information:**
**AD**

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
            Printed Name of Sheriff or Server                                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____                    _____

*(Seal)*                                                      Date                                                      Notary Public

---

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit


**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**


**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>WILLIAM M. CORRIGAN JR. | Case Number:  22SL-CC04311 | |
|---|---|---|
| Plaintiff/Petitioner:<br>STEPHANIE DOPPLICK | Plaintiff's/Petitioner's Attorney/Address<br>JASON MICHAEL FINKES<br>8112 MARYLAND AVE<br>SUITE 400-4<br>CLAYTON, MO  63105 | **SHERIFF FEE PAID** |
| vs. | | |
| Defendant/Respondent:<br> ORTHECO LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Contract-Other | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  ORTHECO LLC
    Alias:

**ROMEL BHANTI**
**4105 UNION ROAD**
**ST. LOUIS, MO 63129**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

     You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
     SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>05-OCT-2022</u>
**Date**

_____ Clerk

**Further Information:**
**AD**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with

_____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
   Printed Name of Sheriff or Server                         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
(Seal)                         Date                            Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## **Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



Return SB
11/4

### IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>WILLIAM M. CORRIGAN JR. | Case Number:  22SL-CC04311 | |
|---|---|---|
| Plaintiff/Petitioner:<br>STEPHANIE DOPPLICK | Plaintiff's/Petitioner's Attorney/Address<br>JASON MICHAEL FINKES<br>8112 MARYLAND AVE<br>SUITE 400-4<br>CLAYTON, MO  63105 | **SHERIFF FEE PAID** |
| vs. | | |
| Defendant/Respondent:<br>ORTHECO LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING | |
| Nature of Suit:<br>CC Contract-Other | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp) |

### Summons in Civil Case

**The State of Missouri to:  ROMEL BHANTI**
Alias: ~~21~~

4105 UNION ROAD
ST LOUIS, MO  63129

*BECKD*

**COURT SEAL OF**

**ST. LOUIS COUNTY**

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>05-OCT-2022</u>
Date

*Joan M. Gilmer*
Clerk

**Further Information:**
AD

#### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☑ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____4105 UNION RD_____ (address).
in __ST LOUIS__ (County/City of St. Louis), MO, on __10/12/22__ (date) at __12 pm__ (time).
__Danielle Backer__                                    _signature_
Printed Name of Sheriff or Server                      Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____              _____
                            Date                                      Notary Public

**FILED**
OCT 14 2022
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

OSCA (7-99) SM40  (SMCC) *For Court Use Only:* **Document ID# 22-SMCC-8100**    1        Rule 86.05; 523.030 RSMo

10/11 NG



2022 OCT 11  AM 11:
ST LOUIS COUNTY
SHERIFF'S OFFICE
RECEIVED

SB
Return 11/4

LLc Romel BHANTI



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>WILLIAM M. CORRIGAN JR. | Case Number: 22SL-CC04311 |
| Plaintiff/Petitioner:<br>STEPHANIE DOPPLICK | Plaintiff's/Petitioner's Attorney/Address<br>JASON MICHAEL FINKES<br>8112 MARYLAND AVE<br>SUITE 400-4<br>CLAYTON, MO  63105 |
| vs. | |
| Defendant/Respondent:<br>ORTHECO LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | |

**SHERIFF FEE PAID**

(Date File Stamp)

**Summons in Civil Case**

The State of Missouri to:  ORTHECO LLC
Alias:

ROMEL BHANTI
4105 UNION ROAD
ST. LOUIS, MO 63129

BECKD
NM

COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>05-OCT-2022</u>
Date

_____ Clerk

Further Information:
AD

RECEIVED 2022 OCT 11 AM 11:46 ST. LOUIS COUNTY SHERIFF'S OFFICE

**Sheriff's or Server's Return**

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person at least 18 years of age residing therein.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
ROMEL BHANTI (name) PERSON IN CHARGE (title).
☐ other

Served at  4105 UNION RD, (address)
in  ST LOUIS (County/City of St. Louis), MO, on 10/12/22 (date) at 1:30 pm (time).

DANIEL BECKER
Printed Name of Sheriff or Server          Signature of Sheriff or Server
    **Must be sworn before a notary public if not served by an authorized officer:**
    Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____          Notary Public
                          Date

**FILED**

OCT 14 2022
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

10/11 NG

 

| Judicial Links | | eFiling | | Help | | Contact Us | | Print | | GrantedPublicAccess  Logoff KATHERINEASFOUR |

### 22SL-CC04311 - STEPHANIE DOPPLICK V ORTHECO LLC ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

FV

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: [ All Entries ]

---

**10/13/2022** ☐ **Summons Personally Served**

Document ID - 22-SMCC-8100; Served To - BHANTI, ROMEL; Server - BECKER, DAN; Served Date - 12-OCT-22; Served Time - 00:00:00; Service Type - Territory 21; Reason Description - Served; Service Text - PS

☐ **Corporation Served**

Document ID - 22-SMCC-8099; Served To - ORTHECO LLC; Server - BECKER, DAN; Served Date - 12-OCT-22; Served Time - 00:00:00; Service Type - Territory 21; Reason Description - Served; Service Text - LC

**10/05/2022** ☐ **Summons Issued-Circuit**

Document ID: 22-SMCC-8100, for BHANTI, ROMEL. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Circuit**

Document ID: 22-SMCC-8099, for ORTHECO LLC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**10/04/2022** ☐ **Filing Info Sheet eFiling**

**Filed By:** JASON MICHAEL FINKES

☐ **Note to Clerk eFiling**

**Filed By:** JASON MICHAEL FINKES

☐ **Pet Filed in Circuit Ct**

Petition for Violations of Missouri Minimum Wage Law.

**Filed By:** JASON MICHAEL FINKES
**On Behalf Of:** STEPHANIE DOPPLICK

☐ **Judge Assigned**

DIV 15

---